UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WAYNE JOHNSON, JR. ) | Case No. ED CV 09-1577-GW (CT) |
| ) | |
| Petitioner, ) | ORDER(1) GRANTING MOTION TO EXPAND |
| ) | THE RECORD;(2) DENYING MOTION |
| v. ) | TO COMPEL DISCOVERY; AND(3) |
| ) | ADOPTING FINDINGS, CONCLUSIONS, |
| A. HEDGPETH, Warden, ) | AND RECOMMENDATIONS OF UNITED |
| ) | STATES MAGISTRATE JUDGE |
| Respondent. ) | |

Pursuant to 28 U.S.C. § 636, the court has reviewed the petition, all the records and files herein, the report and recommendation of the United States Magistrate Judge, and petitioner's objections to the report and recommendation.

The arguments asserted in petitioner's objections have been sufficiently addressed in the magistrate judge's report and recommendation. Petitioner suggests that the magistrate judge failed to address petitioner's contention that his trial counsel acted deficiently by advising petitioner to plead guilty to a crime petitioner insists he did not commit. However, in addressing petitioner's numerous challenges to his counsel's performance, the magistrate judge stated in unequivocal terms that a trial counsel's

1  informed strategic decision is "virtually unchallengeable."
2  Strickland v. Washington, 466 U.S. 668, 691 (1984) ("[S]trategic
3  choices made after thorough investigation of law and facts relevant to
4  plausible options are virtually unchallengeable."). Advising a client
5  to plead guilty is the type of strategic decision that results from an
6  analysis of the weight of the evidence against the client.  And in the
7  face of the evidence against petitioner, counsel's advice to
8  petitioner to plead guilty was inherently reasonable.  In any event,
9  petitioner disregarded his counsel's advice on this matter; thus,
10 petitioner could show no prejudice even if he could show deficient
11 performance, which he cannot.  The court, therefore, concurs with and
12 adopts the findings, conclusions, and recommendations of the
13 magistrate judge.
14     The court has also received several motions by petitioner.
15     First, petitioner seeks discovery relating to an incident that
16 took place in Las Vegas in November 2005 in order to establish that a
17 witness who testified against him at his California state court trial
18 was not credible. To the extent petitioner seeks discovery into
19 operative evidence or facts not part of the record in state court and
20 not presented to the California Supreme Court either on direct or
21 collateral review, his reliance on such evidence in the present
22 proceeding would render the petition unexhausted.  See Duncan v.
23 Henry, 513 U.S. 364, 365 (1995) (per curiam) (a claim has been fairly
24 presented to the state's highest court if the petitioner has described
25 both the operative facts and the federal legal theory on which the
26 claim is based).
27     Moreover, a federal habeas petitioner is not entitled to
28 discovery as a matter of course.  See Bracy v. Gramley, 520 U.S. 899

2

(1997); see also Rule 6 of the Rules Governing § 2254 cases (a party may "invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his [or her] discretion and for good cause shown grants leave to do so, but not otherwise."). The availability of discovery in a federal habeas proceeding is committed to the sound discretion of the district court. See McDaniel v. U.S. Dist. Court for the Dist. of Nevada, 127 F.3d 886, 888 (9th Cir. 1997). The magistrate judge already addressed petitioner's argument regarding the alleged 2005 incident in the report and recommendation. The discovery petitioner seeks would not alter the resulting analysis. The court, therefore, finds the requested discovery is not warranted and, accordingly, the motion for discovery is denied.[1]

Second, petitioner seeks to expand the record in this matter to include all documents and exhibits filed in two of petitioner's prior federal matters, case numbers EDCV 09-882-GW(CT) and EDCV 08-1922-GW(CT). Although nothing suggests that any of the pleadings in either of those cases are relevant to the issues presented in his petition, the court will nevertheless take judicial notice of all pleadings filed in connection with those case numbers.

IT IS ORDERED that (1) petitioner's motion to expand the record

---

[1] Petitioner has also filed the following motions in this matter: (1) motion to appoint expert; (2) request for admission motion; (3) motion for evidentiary hearing; and (4) motion for production of documents. Each of these motions is DENIED. The motions seeking discovery are denied for the reasons set forth in this order in connection with petitioner's motion to compel discovery. Furthermore, an evidentiary hearing is not required where, as here, petitioner failed to demonstrate what an evidentiary hearing might reveal beyond the existing record. Gandarela v. Johnson, 286 F.3d 1080, 1087 (9th Cir. 2002); 28 U.S.C. § 2254(e)(2).

is granted to the extent that petitioner asks the court to take judicial notice of the pleadings filed in case numbers EDCV 09-1922-GW (CT) and EDCV 08-822-GW (CT); (2) petitioner's motion to compel discovery is denied; and (3) judgment be entered denying the petition for writ of habeas corpus and dismissing this action with prejudice.

DATED: May 3, 2010

GEORGE H. WU
UNITED STATES DISTRICT JUDGE

CORRECTIONS

1) Add "a" as the first word at 2:1.

2) "of" at 6:21/22 should be "on".

3) Change "innocense" to "innocence" at 8:19/20, 9:11 and 9:14.

4) Delete "his" at 11:24.

5) Change "ask to court explain to" at 18:16 to "ask the court to explain to".

6) Change "perform" at 19:3 to "performed".

7) Delete "also" at 19:8.

8) Delete "is" at 21:12.

9) "741, 743" should be "738, 739" at 21:15.

10) Change "prosecutor" at 22:9 to "prosecutor's".

11) Insert "even" before "the type of statements" at 22:10.

12) Change "preformed" at 22:20 to "performed".

13) Delete "that" at 27:4.

14) Change "they" to "the" at 28:26.

15) Change "field" at 29:12/13 to "filed".

16) At 30:9, insert "of" between "misapplication" and

4

"California".
   17) Add "not" at end of 30:11.
   18) Change "Petitioner's" at 35:17 to "Petitioner".